IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GERALD JEROME RICE | * * * * * | |
| v. | * * | Civil No. CCB-13-2677<br>Criminal No. CCB-12-0412 |
| UNITED STATES OF AMERICA | * * * | |

******

## MEMORANDUM

Petitioner Gerald Rice has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence for an armed robbery he committed at a Family Dollar store in Baltimore, Maryland on November 26, 2011. Rice pled guilty on September 19, 2012, to a two-count criminal information for interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He now claims that he was not carrying a handgun when he committed the robbery and, therefore, that his conviction should be vacated because he is actually innocent and because his counsel provided ineffective assistance in advising him to plead guilty to the firearm charge.[1] As support for his claim that he is actually innocent, Rice relies on the video surveillance from the Family Dollar, which does not show him carrying a handgun, and testimony he claims a witness would provide that Rice did not have a handgun during the robbery.

---

[1] To the extent Rice is claiming his plea was not knowing and voluntary because the government only gave him four days to accept the plea and because there were additional robberies with which he may have been charged had he not pled, (Pet.'s Mem., ECF No. 33, at 12), his claim is without merit. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[A]cceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process.").

1

"In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Rice's actual innocence claims are directly contradictory to his sworn statements at his plea hearing where he admitted that he used a handgun. (Arraignment Hr'g Tr., Gov't Mem. Ex. 8, ECF No. 38-8, at 14:9-16:4; *see also* Statement of Facts, Attach. A, July 27 Plea Agreement, Pet.'s Mem. Ex. A, ECF No. 33.) In addition, his admission was made under oath and with an acknowledged understanding that testifying falsely could subject him to further prosecution. (Plea Hr'g Tr. at 3:23-4:1.) Because his new claims are contradictory to his hearing testimony, to avoid dismissal Rice must demonstrate extraordinary circumstances, which he has failed to do. *Cf. United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (finding extraordinary circumstances where the court found that the defendant's plea was involuntary, defense counsel was constitutionally ineffective, the colloquy failed to negate the erroneous advice of defense counsel, and the plea agreement did not refute the defendant's claims).

In addition, to the extent Rice can even bring a freestanding "actual innocence" claim,[2] *see Higgs v. United States*, 711 F. Supp. 2d 479, 501 (D. Md. 2010) (noting that the Supreme Court "has never squarely held that actual innocence is a viable independent collateral claim"), he has failed to meet the "extraordinarily high" standard required for relief, *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

Further, Rice has failed to demonstrate his counsel was ineffective for advising him to take a guilty plea. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that a

---

[2] Given that Rice's ineffective assistance claim fails, *see infra*, Rice does not have an independent constitutional claim with which to bring his actual innocence claim.

counsel's representation must fall "below an objective standard of reasonableness" to support an ineffective assistance claim). Even with the video surveillance and witness testimony that Rice claims exonerate him, and of which Rice claims his counsel knew, (*see* Pet's Mem. at 9; Pet's Mem. Ex D, ECF No. 33, at 2), advising Rice to plead guilty to the firearms charge does not constitute conduct falling below an objective standard of reasonableness. First, there was other evidence that Rice had a gun during the robbery. (*See* Statement of Probable Cause, Gov't Mem. Ex. 1, ECF No. 38-1, at 2.) Further, Rice had been linked to other robberies for which he could have faced charges had he not taken a plea for the Family Dollar robbery. (*See* Statements of Probable Cause, Gov't Mem. Exs. 4, 6, ECF Nos. 38-4, 38-6; Sentencing Tr., Gov't Mem. Ex. 9, ECF No. 38-9, at 10:12-15, 11:4-6; *see also* Pet.'s Mem. at 12 (admitting as much).) In fact, by accepting responsibility early, the government was willing to seek a sentence less than the guidelines range and the court accepted such a sentence. (*See* Sentencing Tr. at 8:2-4, 10:15-20, 11:24-12:3, 16:4-17.) The court cannot deem defense counsel's advice to plead guilty ineffective under these circumstances.

For the foregoing reasons, the court will deny Rice's petition. A certificate of appealability under 28 U.S.C. § 2253(c) will not be issued.[3] A separate order follows.

June 25, 2014                                               /s/
Date                                                         Catherine C. Blake
                                                           United States District Judge

---

[3] Rice is free to seek a certificate of appealability from the Fourth Circuit.