IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-12-412 |
| | * | |
| GERALD JEROME RICE | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Gerald Jerome Rice is a fifty-three-year-old federal prisoner, currently incarcerated at Schuylkill FCI, serving a 180-month sentence for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence. Now pending is Rice's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 56, 59). Rice seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 63), and Rice has replied, (ECF 65).[1] For the reasons explained below, the motion will be denied.

**BACKGROUND**

On November 26, 2011, Rice entered a Family Dollar store located in Baltimore City, Maryland, pulled a store employee into the store's office, pulled out a handgun, and demanded money. When it became apparent there was no money in the store's office, Rice forced the employee to a cash register and ordered the employee to give him money from the register. Rice was handed cash from the register, and he left the store. The store's video surveillance system captured Rice's actions, and several eyewitnesses identified Rice as the person who had robbed the store. Detectives further identified Rice by matching the distinctive shirt he wore during the robbery to a picture of Rice on social media in which he was wearing the same shirt. (ECF 10, Plea Agreement, Statement of Facts).

---

[1] Rice's unopposed motion to file a belated reply (ECF 64) will be granted.

1

On September 19, 2012, Rice pled guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to one count of interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF 13; ECF 10). The parties agreed that a sentence of 180 months imprisonment was an appropriate disposition of the case, and the court imposed the agreed-upon sentence. (ECF 10; ECF 20, Amended Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Rice submitted a request for a reduction in sentence to the warden of FCI Schuylkill on December 22, 2019 and resubmitted the request with an additional supplement on January 1, 2020. (ECF 61-2). Rice did not include his health conditions or COVID-19 as a basis for his request. (*Id.* at 2). On January 29, 2020, Rice's request was denied. (ECF 61-3). Rice filed an administrative appeal

on March 4, 2020. (ECF 61-4). The government contends that the First Step Act's exhaustion requirement mandates that the defendant raise a ground for relief in their administrative request before they move for relief on that ground before the district court. As Rice seeks relief before this court on the basis that his medical conditions increase his risk of severe illness from COVID-19, but his administrative request does not raise the same concerns, the government argues that Rice has failed to properly exhaust his administrative remedies. Rice responds that the statute does not contain an issue exhaustion requirement; the passage of time alone from the filing of this request for sentence reduction is sufficient to exhaust his administrative remedies under the statute.

The court will assume without deciding that Rice's request for a reduction in sentence, made well over thirty days before filing his motion with this court on May 13, 2020, fulfilled the administrative exhaustion requirement. The Court of Appeals for the Fourth Circuit has not addressed whether a defendant seeking compassionate release under § 3582(c)(1)(A) must present a particular ground for relief to the BOP in their administrative request before raising the same ground to the court in order to exhaust their administrative remedies. District courts across the country are split on the issue, *compare United States v. Brown*, 457 F. Supp. 3d 691, 697 (S.D. Iowa 2020) *with United States v. McNair*, 481 F. Supp. 3d 362, 366–68 (D.N.J. 2020), and the only appellate court to have considered it has concluded issue exhaustion is required, *see United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). At the same time, courts in this district have consistently found the statute does not require "issue exhaustion." *See, e.g.*, *United States v. Azianbidji*, No. 17-CR-00253-PWG, 2021 WL 307416, at *3 (D. Md. Jan. 29, 2021); *United States v. Crockett*, No. CR ELH-18-166, 2020 WL 5760426, at *8 (D. Md. Sept. 25, 2020); *United States v. Fletcher*, No. CR TDC-05-0179-01, 2020 WL 3972142, at *2 (D. Md. July 13, 2020).[2]

---

[2] Unpublished opinions are cited for the soundness of their reasoning and not for any precedential value.

**II.      Extraordinary and Compelling Reasons**

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Rice argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (type II diabetes, hepatitis C, and hyperlipidemia) constitutes an "extraordinary and compelling reason" to reduce his sentence. According to the Centers for Disease Control ("CDC"), people with type II diabetes or with liver disease (such as chronic hepatitis C), are at an increased risk of severe illness (meaning hospitalization, intensive care, the need for a ventilator, or death) from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021); *COVID-19: What to Know About Liver Disease and COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (updated Feb. 8, 2021). The government argues that Rice is not currently suffering from

either hepatitis C or type II diabetes; his medical records indicate only that he is pre-diabetic. Indeed, the most recent medical records before the court indicate that Rice's hepatitis C is in "remission," and that his type II diabetes is "resolved," though BOP medical staff still consider him prediabetic and continue to closely monitor his condition. (*See* ECF 61-1; ECF 63-5 at 6, 15–16). But both conditions can evolve in severity and are clear risk factors for severe illness from COVID-19. Because of these conditions, and the fact that the risk of severe illness increases for older adults, for individuals with multiple health conditions, and for incarcerated individuals, the court is persuaded that Rice's health conditions, in light of the coronavirus pandemic, are an extraordinary and compelling reason for his release. S*ee People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 6, 1513, 2021); *COVID-19: For People Living in Prisons and Jails*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Mar. 5, 2021) ("Living in prisons and jails puts you at higher risk for getting COVID-19 because: it may be hard to stay at least 6 feet away . . . from other people; there may not be enough space to keep people with COVID-19 away from others; you may be sharing space with someone who has the virus and does not know it . . . ; staff or visitors may have the virus and not know it."); *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19.").[3]

---

[3] The government also argues that Rice is not eligible for compassionate release unless the court finds him not a danger to the community under 18 U.S.C. § 3412(g), citing U.S.S.G. § 1B1.13, which advises that in order to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), the court must determine (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the reduction is consistent with the U.S.S.C's policy statements. But as stated *supra*, U.S.S.G. § 1B1.13 applies only to motions for sentence reduction brought on behalf of defendants by the BOP and thus is not applicable to Rice's motion. *See McCoy*, 981 F.3d at 281–82; *United States v. Kibble*, 992 F.3d 326, 330–31 (4th Cir. 2021). At any rate, in addressing the § 3553(a) factors, the court considers the need for the sentence to "protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(C), an inquiry which implicitly requires the court to assess Rice's danger to the community.

### III. Section 3553(a) Factors

Rice's risk of severe illness from COVID-19 does not, however, end the court's inquiry. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief.

The court must consider Rice's history and characteristics and the need for the sentence imposed to protect the public from further crime, and also must ensure that a sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(C). Rice's conduct was deeply troubling—he committed a robbery of a commercial establishment by holding one of its employees at gunpoint, and it was not the first time Rice engaged in such conduct. Rice was convicted in Maryland state court of four armed robberies in 1989, for which he was incarcerated for nearly ten years. (ECF 16, Amend. Presentence Report ¶¶ 34–41). Rice was paroled from the Maryland Department of Corrections in 1998, and in 2000 he was convicted in federal court of armed bank robbery. (*Id.* ¶¶ 42–43). Rice was less than one year into his term of supervised release on the federal conviction when he was arrested for the instant offense. (*Id.*). Rice has now served over nine years of his fifteen-year sentence, which was significantly below his guideline range of 262 to 327 months. The court continues to believe that the 180-month, Rule 11 sentence imposed was appropriate to reflect the severity of the offense and Rice's pattern of recidivist robbery offenses, and to protect the public and afford adequate deterrence. Though continued incarceration poses health risks to Rice, the court finds that a reduction in sentence would not adequately protect the public, afford adequate deterrence, or reflect the seriousness of the offense. Considered together, the § 3553(a) factors weigh against granting compassionate release.

## CONCLUSION

For the foregoing reasons, Rice's motion for compassionate release (ECF 56, 59) will be denied. The associated motions to seal (ECFs 60, 62, 66) will be granted to protect the confidentiality of personal information. The associated motion for leave to file a belated reply (ECF 64) will be granted. A separate Order follows.


  6/7/2021                                                      /S/
Date                                                                Catherine C. Blake
                                                                          United States District Judge